IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ELMORE SORRELLS, III,
    Petitioner,

vs.                                              Case No. 3:07cv236/RV/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This cause is now before the court on Petitioner's Amended Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254 (Doc. 5). Leave to proceed in forma pauperis has been granted (Doc. 7). Upon review of the amended petition and the court's own records, the undersigned concludes that the amended petition should be dismissed as an unauthorized second or successive petition.

        In his amended petition, Petitioner alleges that (1) his due process rights were violated when he was declared a sexual predator in breach of his 1995 nolo contendere plea, (2) the 1995 nolo contendere plea agreement was further violated when he was declared a sexual predator ten (10) years after the execution of his plea agreement, and (3) his 1995 nolo contendere plea is invalid because the offenses used to classify him as a habitual offender were improper under Florida law (*see* Doc. 5 at 4–5, and continuation pages). In essence, Petitioner contests the validity of his plea agreement (*see id.*).[1] Petitioner indicated in the instant amended petition that he has never filed a § 2254 petition in this case (*see id.* at 3). However, in response to the court's June 20, 2007 order to show cause why this case should not be dismissed as a second or successive petition, Petitioner

---

[1] In 1995, following a negotiated plea agreement, Petitioner pleaded nolo contendere to a charge of sexual battery in Escambia County Circuit Court; Petitioner received a habitual felony offender sentence of thirty years incarceration (*see id.* at 1). Petition is currently housed at Columbia Correctional Institution (*see id.*).

now states that he "does not deny that he [has previously] filed a § 2254 [petition] to challenge his conviction in this court . . . ." (Doc. 8 at 1).

Indeed, the court notes that Petitioner has previously filed a § 2254 petition in Sorrells v. Crosby, No. 3:03cv90/RV/MCR (N.D. Fla. filed March 4, 2003; dismissed April 15, 2003) ("Sorrells II") and Sorrells v. Singletary, No. 3:98cv168/RV/SMN (N.D. Fla. filed May 6, 1998; petition denied April 7, 2000) ("Sorrells I"). In Sorrells I, Petitioner challenged the same conviction which he now challenges on the following grounds: (1) ineffective assistance of counsel for persuading Petitioner to plead no contest, despite the fact that counsel allegedly knew that there was insufficient evidence for a conviction because the victim "refused a DNA test"; (2) insufficient evidence to support the conviction based on the fact that "there was no complete DNA test taken"; and (3) breach of the plea agreement at sentencing. *See* Sorrells I, No. 3:98cv168/RV/SMN (Doc. 1); *accord.* Sorrells II, No. 3:03cv90/RV/MCR (Doc. 5 at 1–2) (explaining the proceedings in Sorrells I). In Sorrells I, Petitioner was denied a writ of habeas corpus on the merits. Sorrells I, No. 3:98cv168/RV/SMN (Doc. 20 at 1). Petitioner appealed the denial of his petition to the Eleventh Circuit, but the appeal was dismissed, in part for lack of jurisdiction. *See* Sorrells I, No. 3:98cv168/RV/SMN (Doc. 47 at 2).

Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* Rule 9, Rules Governing Section 2254 Cases; Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997). The instant petition is second or successive, and it is obvious from the record that Petitioner has failed to obtain the requisite permission from the Eleventh Circuit Court of Appeals in order to file this petition. In fact, Petitioner concedes that he previously filed a § 2254 petition and does not state that obtained permission from the Eleventh Circuit to file this petition (*see* Doc. 8 at 1–2). Failure to obtain authorization to file a second or successive petition from the court of appeals operates as a jurisdictional bar that precludes the district court's consideration of the merits of the petition. *See* Fugate v. Dep't of Corrs., 310 F.3d 1287, 1288 (11th Cir. 2002). For this reason, this case should be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

Case No.: 3:07cv236/RV/EMT

Accordingly, it is respectfully **RECOMMENDED**:

That the habeas amended petition filed under 28 U.S.C. § 2254 (Doc. 5) be **DISMISSED without prejudice**.

At Pensacola, Florida this 17th day of August 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**