IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ELMORE SORRELLS, III,**

      Petitioner,

vs.                                  Case No. 3:07cv236/RV/EMT

**JAMES R. McDONOUGH,**

      Respondent.
_____/

## ORDER

      This cause comes on for consideration upon the magistrate judge's report and recommendation, dated August 17, 2007. The magistrate judge has concluded that Elmore Sorrells's petition for habeas corpus is second or successive, and thus it is barred by Title 28, United States Code, Section 2244(b). The petitioner has been furnished a copy of the report and recommendation and has been afforded an opportunity to file --- and has filed --- objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a *de novo* review of all objections. Having considered the report and recommendation, and all objections thereto timely filed, I have determined that the report and recommendation should be adopted, subject to the following.

      The habeas petition now under review is the third one filed by the petitioner. In the first petition, he challenged his conviction for sexual battery on the following "due process and equal protection" grounds: (1) ineffective assistance of counsel; (2) insufficient DNA evidence; and (3) breach of the plea agreement at sentencing. See generally Sorrells v. Singletary, No. 3:98cv168/RV/SMN (N.D. Fla. filed May 6, 1998). I ultimately denied the petition on the merits, see id. (doc. 20), and a subsequent appeal was dismissed by the Eleventh Circuit Court of Appeals. See id.

(docs. 45, 47). The petitioner then filed a second habeas petition, in which he argued that:  (1) the conviction was illegal because there was no evidence presented to prove his guilt; and (2) the Florida Supreme Court improperly denied jurisdiction over his claims of ineffective assistance of counsel. See generally Sorrells v. Crosby, No. 3:03cv90/RV/MCR (N.D. Fla. filed March 4, 2003). I dismissed this petition without prejudice as a second or successive petition, see id. (doc. 8), but I had the clerk send the petitioner an application form so that he could seek leave from the Eleventh Circuit to file the petition. The Eleventh Circuit later denied his application, concluding that "Sorrells has failed to make a *prima facie* showing of the existence of" sufficient grounds to warrant another habeas petition. See id. (doc. 10). The petitioner has now filed a third habeas petition, claiming that:  (1) his due process rights were violated when he was declared a sexual predator in breach of his 1995 *nolo contendere* plea; (2) the plea agreement was further violated, and he was denied equal protection, when he was declared a sexual predator ten (10) years after-the-fact; and (3) his plea is invalid because the offenses used to classify him as a habitual offender were improper under Florida law. See generally Sorrells v. McDonough, 3:07cv236/RV/EMT (N.D. Fla. filed August 1, 2007). The magistrate judge, as noted, has concluded that the instant petition is second or successive and barred by Title 28, United States Code, Section 2244(b). The petitioner objects to the report and recommendation on the ground that the claims raised in this petition are not the same ones that he raised before and, therefore, they have "not been raised or ruled on in any federal court on a § 2254." See id. (doc. 10 at 1, 4). However, the fact that the petitioner may be raising new claims does not, by itself, mean the petition is not successive.

     Title 28, United States Code, Section 2244(b)(2), provides that any claim raised in a habeas application "that was not presented in a prior application" **must** be rejected and dismissed unless one of two narrow circumstances is present:

*Case No. 3:07cv236/RV/EMT*

> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Here, because the petitioner is challenging the validity and constitutionality of the same conviction that he challenged in his first petition, the substance and disposition of that earlier petition renders this one second or successive.

Section 2244(b)(3)(A) further provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, even assuming that the claims raised in the third petition are new, and assuming further that the petitioner could make a showing that one of the two above statutory exceptions applied to those new claims, he must nonetheless seek and obtain permission from the Eleventh Circuit before I can consider the petition. It is undisputed that he has not sought or obtained authorization from the Court of Appeals. Consequently, the petition must be dismissed as second or successive.

Accordingly, it is now **ORDERED** as follows:

*Case No. 3:07cv236/RV/EMT*

1. The magistrate judge's report and recommendation is adopted and incorporated by reference in this order.

2. The habeas amended petition filed under 28 U.S.C. § 2254 (Doc. 5) is **DISMISSED without prejudice**.

**DONE AND ORDERED** this 11th of September, 2007.

/s/ *Roger Vinson*
**ROGER VINSON**
**SENIOR UNITED STATES DISTRICT JUDGE**